UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

___ALADDIN ABDAL-RAHIM_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

1) ___MUTUAL REDEVELOPMENT___
___HOUSES INC._____

2) ___NEW YORK CITY DEPART-___
___MENT OF HOUSING PRESER-___
___VATION AND DEVELOPMENT.___
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial: ☑ Yes  ☐ No
(check one)

RECEIVED
JUL 17 2014
PRO SE OFFICE

I. **Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name ___ALADDIN ABDAL-RAHIM___
Street Address ___PO BOX 837___
County, City ___NEW YORK, NEW YORK___
State & Zip Code ___NY 10116-0837___
Telephone Number ___917/399-6152___

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1  Name ___MUTUAL REDEVELOPMENT HOUSES INC.___
Street Address ___321 EIGHTH AVENUE___

Rev. 05/2010

County, City _NEW YORK, NEW YORK_
State & Zip Code _NY 10001_
Telephone Number _212/675-3200_

Defendant No. 2   Name _NYC DEP'T OF H.P. & D._
Street Address _100 GOLD STREET_
County, City _NEW YORK, NEW YORK_
State & Zip Code _NY 10038_
Telephone Number _____

Defendant No. 3   Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

Defendant No. 4   Name _____
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

## II.  Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal Questions    ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _FAIR HOUSING ACT_
_U.S. DEPARTMENT OF HOUSING AND_
_URBAN DEVELOPMENT FEDERAL_
_CHARGE NO. 02-13-0407-8._

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____
Defendant(s) state(s) of citizenship _____

## III.  Statement of Claim:

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

*Rev. 05/2010*

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? **340 WEST 28 STREET, APT #10G, NEW YORK, NY 10001**

B. What date and approximate time did the events giving rise to your claim(s) occur? **JANUARY 24, 2013**

C. Facts: *(What happened to you? / Who did what? / Was anyone else involved? / Who else saw what happened?)*

**ALADDIN ABDAL-RAHIM (RAHIM) WAS EVICTED FROM HIS HOME OF FIVE (5) YEARS ON FALSE, UNTRUE, MISLEADING, AND PERNICIOUS ALLEGATIONS, MAINLY HEARSAY, THAT HIS APARTMENT (i) HAD A FOUL ODOUR (ii) HAD PILES OF GARBAGE IN IT, (iii) WAS OVERRUN AND INFESTED WITH ROACHES AND (iv) WAS CLUTTERED UP TO THE CEILING WITH JUNK CREATING A FIRE HAZARD FOR HIMSELF AND.**

**MUTUAL REDEVELOPMENT HOUSES INC. ("MUTUAL") ENGAGED IN DISCRIMINATORY AND DISPARATE INTENT AND TREATMENT OF RAHIM IN VIOLENT BREACH OF THE FAIR HOUSING ACT RESULTING IN RAHIM PRESENTLY AND EVER SINCE LIVING IN A HOMELESS SHELTER. NYC DEP'T OF H.P.&D. (HPD) AIDED AND ABETTED "MUTUAL" IN ITS ILLEGAL AND ILLEGITIMATE ACTIONS. CASEWORKER TONY MUSCO OF NYC APS IS A WITNESS OF THE FALSITY OF THE ALLEGATIONS.**

IV. Injuries: If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. **ALADDIN ABDAL-RAHIM (RAHIM) AN EMPLOYEE OF NYC DEP'T OF H.P.&D. (HPD) IN THE NEW YORK CITY CIVIL SERVICE TITLE INSPECTOR (HOUSING) WAS INJURED WHILE PERFORMING HIS DUTIES AS A HOUSING INSPECTOR FOR HPD. THE EVICTION AND THE CONCOMITANT STRESS, STRAIN, MENTAL PAIN AND ANGUISH COMPLICATED AND DELAYED HIS RECOVERY AND RECUPERATION FROM S  GERY**

Rev. 05/2010

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. *1) JUDICIAL INTERVENTION AND REVIEW OF THE "HUD" INVESTIGATION WHICH IS A DEFIANCE OF LOGIC. THE DETERMINATION CONFLATES ISSUES, MISREPRESENTS THE FACTS OF THE MATTER AND IGNORES THE HEART OF THE MATTER WHICH IS THE TRUTH OR FALSITY OF MUTUAL'S ALLEGATIONS 2) RAHIM WANTS THE COURT TO ORDER THE RECISION OF HPD'S CERTIFICATE OF EVICTION (3) ORDER "MUTUAL" TO RESTORE RAHIM TO HIS HOME AND (4) ORDER COMPENSATORY AND PUNITIVE DAMAGES IN THE SUM OF NINETEEN (19) MILLION DOLLARS FOR RAHIM'S PAIN, ANGUISH, HUMILIATION AND DISRUPTION OF HIS LIFE; AND ANY OTHER RELIEF THE COURT MAY DEEM JUST AND APPROPRIATE.*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this *17TH* day of *JULY*, 20*14*

Signature of Plaintiff  *Elhadji Abdul Rahim*

Mailing Address  *P O BOX 837*
*NEW YORK*
*NY 10116-0837*

Telephone Number  *917/399-6152*

Fax Number *(if you have one)*

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this ____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _____

Inmate Number _____

*Rev. 05/2010*



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

ALADDIN ABDAL-RAHIM,
                             Complainant,

v.

MUTUAL REDEVELOPMENT HOUSES, INC.,
                             Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10161798

Federal Charge No. 02-13-0407-8

On 4/26/2013, Aladdin Abdal-Rahim filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to housing because of age, creed, disability, familial status, national origin, race/color in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The evidence adduced in the investigation does not substantiate Complainant's allegation that Respondent targeted him for eviction due to his age, creed, disability, familial status, national origin, or race. The Division notes that while Complainant selected familial status as a basis of discrimination in his complaint, he indicated that he is a single individual, which is not a protected class under the familial status provisions of the Human Rights Law. The Division notes that to the extent the complaint is read to allege discrimination on the basis of marital status, the record does not support a finding of probable cause to support the allegation.

The investigation revealed that Complainant is a member of Respondent housing cooperative, and owns shares connected to an apartment at the subject property, which he occupies pursuant to an occupancy agreement. The agreement provides that Complainant must make monthly maintenance payments to Respondent and ensure that waste and refuse do not accumulate in his apartment. The agreement indicates that in the event of legal action between the parties, the prevailing party is entitled to recover legal fees and costs. The subject property is

owned and operated by Respondent pursuant to an agreement with the New York City Department of Housing Preservation and Development (HPD), which requires Respondent to obtain permission from HPD prior to commencing an eviction action against a tenant, except for non-payment of maintenance or other lease violations.

The record includes four stipulations entered into by the parties in connection with a non-payment proceeding commenced against Complainant by Respondent. The stipulations reveal that Complainant fell significantly behind in his maintenance payments and repeatedly agreed to pay them, and Respondent's legal fees, according to payment plans, but repeatedly failed to do so. The record reveals that the non-payment proceeding was ultimately resolved after Complainant paid his arrears. The Division notes that Complainant acknowledges falling behind on his maintenance payments, but asserts that Respondent should have worked with him on devising a payment plan rather than seeking his eviction. While the record does not contain evidence that payment plans were discussed prior to Respondent commencing the non-payment action, Respondent's repeated agreement to allow Complainant additional time to pay his arrears after it was filed weighs against Complainant's assertion that they were determined to evict him.

The record also includes two agreements entered into by the parties in connection with proceedings commenced against Complainant by Respondent with HPD seeking permission to evict him for failing to correct the dangerously cluttered condition of his apartment. The agreements reveal that Complainant twice agreed to correct conditions in his apartment by a given deadline, and twice failed to do so. Ultimately, the record reveals that HPD issued a certificate of eviction permitting Respondent to commence an action against Complainant in housing court. The Division notes that the evidence that Complainant agreed to correct the conditions in his apartment weighs against his contention that the conditions do not exist.

The Division notes that comparative data obtained during the investigation does not support Complainant's allegation that he was singled out for adverse treatment based on his age, creed, disability, familial status, national origin, and race. The data reveals that approximately 50% of households in the subject property include persons Complainant's age or older, and approximately 61% include persons 60 years of age or older. The data further reveals that residents have diverse familial statuses, and there are numerous single residents. The Division was unable to obtain data on all residents' races, disabilities, creeds, and national origins. However, two residents were interviewed during the investigation, one of whom indicated that she has a disability and the other of whom reported that there are numerous people with visible disabilities in the building. While neither resident shared Complainant's race, national origin, or creed, both stated that they had not observed any indication that tenants are treated differently based on those categories.

Complainant's allegation that he was targeted due to his age and disability was supported by his case manager from APS, who also stated that that his apartment was not so cluttered as to pose a hazard. The case manager further stated that Complainant complied with all of Respondent's instructions concerning his apartment, but they persisted in seeking his eviction anyway. He indicated that he believed Complainant was targeted due to age and disability because he has another client in the building who is in his nineties, who has also been threatened with eviction for excessive clutter, despite the conditions in his apartment not posing a hazard.

Ultimately, however, the case manager's view, based on his knowledge of Respondent's actions toward Complainant and one other tenant, is insufficient to support a finding of probable cause. The Division notes that while he indicated the conditions in both tenants' apartments were not a hazard, he did confirm that they had clutter, and there is no indication in the record that younger tenants or those without disabilities were allowed to maintain such conditions in their apartment without consequence. Further, two tenants, who although younger than Complainant were within a few years of his age, one of whom had a disability, stated that they have had no issues with Respondent. The Division also notes that Complainant's allegation that Respondent changed the lock on his mailbox which prevented him from receiving legal notices is outside the Division's jurisdiction, absent evidence of a discriminatory motive.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Dated:
    Bronx, New York

                STATE DIVISION OF HUMAN RIGHTS

        By: _____
             Leon C. Dimaya
             Director